**Arthur BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 940–83.**

Court of Criminal Appeals of Texas, En Banc.

April 30, 1986.

David R. Weiner (court appointed on appeal only), San Antonio, for appellant.

Bill M. White, Dist. Atty. and Mitchell L. Weidenbach, Joseph Galenski and Miguel Martinez, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of theft of property of a value over $200 but less than $10,000. The court assessed punishment at confinement for seven years, to run consecutively with two prior convictions for aggravated robbery. The San Antonio Court of Appeals found the cumulation order included in the sentence to be invalid because it failed to include enough information in accord with *Ward v. State*, 523 S.W.2d 681 (Tex.Cr.App.1975) and *Young v. State*, 579 S.W.2d 10 (Tex.Cr.App.1979). See also Art. 42.08, V.A.C.C.P. *Banks v. State*, No. 04–81–00484–CR (Tex.App.—San Antonio, delivered August 31, 1983). The Court of Appeals "corrected" the sentence so that it ran concurrently with the prior convictions.

We granted the State's petition for discretionary review on the issue of whether the sentence may be reformed when the appellate court has the necessary data and evidence before it.

In *Ward*, supra, this Court recommended five requirements for cumulation orders:

(1) the trial court number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction; and

(5) the nature of the prior conviction.

We also noted that orders containing less than the recommended elements of a cumulation order have been upheld. See *Williams v. State*, 675 S.W.2d 754 (opinion on rehearing) (Tex.Cr.App.1984).

In the instant case the cumulation order included in the sentence stated only:

[T]o run consecutively (sic) with cause numbers 80–CR–0430–A and 80–CR–0431–A.

This order is clearly insufficient under *Ex Parte Ashe*, 641 S.W.2d 243 (Tex.Cr.App.1982); *Diaz v. State*, 608 S.W.2d 686 (Tex.Cr.App.1980), and *Young*, supra. However, the State argues that the record of the sentencing proceeding contains the trial judge's oral sentence which does meet the five recommended elements for a cumulation order. The State contends that since the record contains the necessary information to "allow the appellate court to accomplish that which was clearly intended, ... and to make the written sentence reflect the truth," we should reform the sentence.

The record of the sentencing reflects that the trial court granted the State's motion to stack the seven year sentence with the sentence in the prior convictions and sentenced appellant accordingly:

All right. Mr. Banks, in the 227th District Court, Bexar County, Texas, on the 6th day of November, 1980, in Causes No. 80–CR—0430A and 80–CR–0431A, respectively, you having been duly and legally convicted of the offense of aggravated robbery and aggravated robbery with serious bodily injury and your punishment, therefore, having been assessed and adjudged at confinement in the Texas Department of Corre-tions (sic) for ten years in each case, and you having been sentenced on the 24th day of July, 1981, by this Court in Cause No. 80–CR–1222, it is further ordered, adjudged and decreed that the punishment herein adjudged against you in Cause No. 80–CR–1222 shall begin when the judgments and sentences in said causes of 80–CR–0430A and 80–CR–0431A shall cease to operate.

We agree with the State that the trial court's pronouncement cumulating the

sentences is ideal in containing all of the recommended elements under *Ward,* supra. We also agree that the written sentence should be reformed to reflect the record of the proceedings and to include the requisite information for cumulation of sentence.

The State points to Art. 44.24(b), V.A.C. C.P. as authority for reformation by an appellate court. Art. 44.24(b) states, in pertinent part, "the courts of appeals and the Court of Criminal Appeals ... may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require."

Appellant contends that reformation is not applicable to defective cumulation orders. He argues that " 'the sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof.' " *Ex Parte Collier,* 156 Tex.Cr.R. 377, 243 S.W.2d 177 (1951). The reason for this rule is that the sentence "should ... convey to the penitentiary authority clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict." *Ex Parte Collier,* supra, at 177. See also *Williams,* supra, and *Ex Parte Lewis,* 414 S.W.2d 682 (Tex.Cr.App.1967).

We agree with appellant as to the rationale for requiring specific information in the cumulation order. *Ward,* supra, *Young,* supra, *Diaz,* supra, and *Ex Parte Ashe,* supra, support that rationale. However, that is exactly why the reformation is necessary—to show the specificity as included by the trial judge when he cumulated the sentences.

This same rationale requiring specificity for the benefit of penitentiary authorities also applies to an affirmative finding of the use or exhibition of a deadly weapon since such a finding effects eligibility for parole and must be apparent to penitentiary authorities. So too must term of confinement and offense committed be apparent. We reform sentences concerning these matters. See *Adams v. State,* 685 S.W.2d 661 (Tex. Cr.App.1985); *Knight v. State,* 581 S.W.2d 692 (Tex.Cr.App.1979); *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978).

When this Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Howell,* supra; *Joles v. State,* 563 S.W.2d 619 (Tex.Cr.App.1978); *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr. App.1972). We see no reason to distinguish reformation involving cumulation from that involving a deadly weapon finding, *Adams,* supra; imposition of a fine, *Tamez v. State,* 620 S.W.2d 586 (Tex.Cr. App.1981); correct offense, *Knight,* supra; *Joles,* supra; enhancement, *Howell,* supra.

We are not changing the rationale or the rule requiring specificity in cumulation orders. Rather, where, as in the instant case, the record shows that the trial judge cumulated appellant's sentence in accord with the requirements in *Ward,* supra, we are reforming the judgment to reflect the sentence actually imposed by the trial court.

The judgment of the Court of Appeals is reversed. Pursuant to the authority given this Court by Art. 44.24, V.A.C.C.P., we reform the judgment and sentence in the instant case so that the punishment of seven years' confinement imposed upon appellant by virtue of his conviction for theft in Cause No. 80–CR–1222, from the 227th District Court in Bexar County, shall begin when the judgments and sentences from the 227th District Court in Bexar County in Cause Nos. 80–CR–0430A and 80–CR–0431A, for aggravated robbery and aggravated robbery with serious bodily injury, respectively, whose sentences in each case consist of ten years' confinement, shall have ceased to operate.

WHITE, J., not participating.