In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-346 CR


____________________



KEVIN SMITH a/k/a TAMIEKO SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94209






 MEMORANDUM OPINION 


 The issue in this case is whether the trial court's cumulation order in a criminal
judgment contains the information required by Texas law. 

 Pursuant to a plea bargain agreement, Kevin Smith, also known as Tamieko Smith, 
pled guilty to two offenses: felony stalking in Cause No. 93744, and retaliation in Cause No.
94209. See Tex. Pen. Code Ann. § 42.072 (Vernon 2003) (stalking); Tex. Pen. Code Ann.
§ 36.06(a)(1) (Vernon Supp. 2006) (retaliation). The trial court found the evidence sufficient
to find Smith guilty of stalking, placed him on deferred adjudication probation for eight
years, and fined him $750. The trial court also found the evidence sufficient to find Smith
guilty of retaliation, placed him on deferred adjudication probation for eight years, and fined
him $750. Subsequently, the State filed a motion to revoke Smith's probation in both causes, 
and Smith pled true to violating a term of his probation in each cause. 

 At the sentencing hearing, the trial court proceeded separately on each case. First, in
Cause No. 93744 (stalking), the court determined that the revocation evidence was sufficient
to find Count One true; then the court revoked Smith's unadjudicated probation, found him
guilty of stalking, and assessed his punishment at ten years' confinement. Next, in Cause No.
94209 (retaliation), the court also determined that the revocation evidence was sufficient to
find Count One true; the court again revoked Smith's unadjudicated probation, found him
guilty of retaliation, and assessed his punishment at seven years' confinement. The court
announced that the seven-year sentence "will run consecutive to Cause No. 93744." 

 On appeal, Smith argues that the trial court's cumulation order is void because it fails
to state the elements required by law. The language of the cumulation order entered in Cause
No. 94209's judgment states:

 CUMULATION ORDER (ART. 42.01, SEC. 1 (19) CCP): THE
COURT ORDERS THAT THE SENTENCE IN THIS CONVICTION
SHALL RUN CONSECUTIVELY AND SHALL BEGIN ONLY WHEN
THE JUDGMENT AND SENTENCE IN THIS CAUSE # 93744 HAS
CEASED TO OPERATE. 

 Smith argues that there are five recommended elements in a cumulation order: (1) the
trial court number of the prior conviction, (2) the correct name of the court where the prior
conviction was taken, (3) the date of the prior conviction, (4) the term of years of the prior
conviction, and (5) the nature of the prior conviction. Relying on Williams v. State, 675
S.W.2d 754 (Tex. Crim. App. 1984) (opinion on rehearing). Smith argues that the Court of
Criminal Appeals established that these elements should be included in cumulation orders. 
See Williams, 675 S.W.2d at 764. Smith acknowledges, however, that Williams also suggests
that a cumulation order without each of these elements is not invalid if the trial court's
descriptions are substantially and sufficiently specific to give notice to the Department of
Corrections of the exact sentence to be cumulated. See id. 

 In response, the State agrees that the cumulation order entered in Cause No. 94209
fails to mention the name of the court that convicted Smith in Cause No. 93744, the date of
that conviction, the years of punishment assessed, or the nature of that conviction. The State
recommends that we "modify the judgment of the trial court in Cause Number 94209 to
reflect that the sentence in this cause [number 94209] shall commence once the sentence in
Cause Number 93744, from the 252nd Judicial District Court, Jefferson County, Texas, in
which the defendant was sentenced to ten years in prison for the offense of Felony Stalking,
ends and ceases to operate." 


 We agree with Smith that the trial court's cumulation order contains less information
than the Court of Criminal Appeals has suggested for cumulation orders, but the record
before us contains sufficient information to allow us to provide the Texas Department of
Corrections with the pertinent information regarding Smith's sentences. Under the Rules of
Appellate Procedure, Texas Courts of Appeal have the authority to modify trial court
judgments and affirm them as modified, or to reverse trial court judgments and reform them. 
See Tex. R. App. P. 43.2(b) and 43.2(c). 

 Additionally, the Court of Criminal Appeals previously held that Rule 43's 
predecessor, Article 44.24(b) of the Code of Criminal Procedure, (1) allowed courts to reform
cumulation orders if the courts have the necessary data and evidence before them. Banks v.
State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). We have sufficient information to
reform the cumulation order in the trial court's judgment here.

 Therefore, pursuant to the authority we are granted by Rule 43.2(b), we reform the
cumulation order portion of the judgment entered in Cause No. 94209 so that Smith's
punishment of seven years' confinement in the Institutional Division of the Texas
Department of Criminal Justice, by virtue of his conviction for retaliation in Cause No.
94209, shall begin when the judgment and sentence of ten years confinement in Cause No.
93744 for stalking, also entered by the 252nd Judicial District Court of Jefferson County,
Texas, shall have ceased to operate. The trial court imposed sentence in each of these Cause
Nos. 93744 and 94209 on August 7, 2006. 

 Any time credited by the trial court toward the sentences remains the same as that
reflected by the trial court's judgments, and these credits are not affected by this opinion. 
 AFFIRMED AS REFORMED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on April 19, 2007

Opinion Delivered July 11, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Act of June 1, 1981, 67th Leg., R.S., ch. 291, 1981 Tex. Gen. Law 761, 816,
repealed by Act of May 27, 1985, 69th leg., R.S., ch. 685 § 1, 1985 Tex. Gen. Law 2472
(repealing certain articles of the Code of Criminal Procedure and granting rule-making
power to the Court of Criminal Appeals).