# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00769-CR

James Ulysses Jackson, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 01-493-K277, HONORABLE SAM ROBERTSON JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2002, appellant James Ulysses Jackson was placed on deferred adjudication community supervision after he pleaded guilty to aggravated sexual assault of a child. In 2006, appellant was adjudicated guilty of this offense, and the court imposed a fifteen-year sentence. Appellant contends that he is entitled to credit against this sentence for the three years he spent in prison for another offense while on deferred adjudication in this cause. Although we do not agree with appellant's contention as stated, we conclude that the judgment of conviction does not accurately reflect the sentence imposed by the district court and must be modified.

We will summarize the pertinent facts as shown by the record. On May 24, 2001, an indictment was filed accusing appellant of two counts of aggravated sexual assault of a child (counts one and two) and one count of indecency with a child by contact (count three). *See*

Tex. Penal Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2006). A plea bargain was negotiated by which the three counts of the indictment were disposed of as follows:

> **Count one:** Appellant pleaded guilty to the aggravated sexual assault of a child alleged in count one. On March 4, 2002, the court placed him on deferred adjudication community supervision for eight years.
>
> **Count two:** Waived by the State.
>
> **Count three:** Appellant pleaded guilty to attempted indecency with a child by contact, a lesser included offense of the indecency with a child alleged in count three. On February 11, 2002, he was adjudged guilty and sentenced to four years in prison.

As called for in the plea bargain, the March 4, 2002 order deferring adjudication on count one stated: "Count One in Cause Number 01-493-K277 shall run concurrent with Count Three in Cause Number 01-493-K277."

Apparently, appellant did not appeal his conviction for attempted indecency with a child and immediately entered prison. Appellant was released from prison on March 23, 2005, having discharged his four-year sentence on count three with the aid of 332 days of jail time credit. At this point, appellant still had roughly five years remaining on his eight-year deferred adjudication supervisory period under count one.

On May 2, 2006, the State filed a motion to adjudicate appellant guilty on count one, the aggravated sexual assault. The motion was heard and granted on October 20, 2006, at which time the court announced its judgment and imposed the fifteen-year sentence. The court then stated, "Because of the unusual circumstances of this case, the way it has come about, . . . I'm going to give you credit for the time you've already spent in the penitentiary on Count Three of the indictment.

2

You'll be entitled to whatever other credit under the law you're entitled to." The written judgment of conviction on count one awards appellant 520 days of jail time credit; it is undisputed that this does not include the time he spent in prison on count three. It is the judgment of conviction on count one for aggravated sexual assault that is now before us on appeal.

Appellant contends that he is entitled to credit against his fifteen-year sentence for aggravated sexual assault of a child (count one) for the time—approximately three years—that he spent in prison serving his four-year sentence for attempted indecency with a child by contact (count three). The only authority cited by appellant is code of criminal procedure article 42.03, which provides that a defendant must be given credit on his sentence "for the time that [he] spent in jail in said cause." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West 2006). But all parties agree that appellant has been given full credit for his jail time. Article 42.03, section 2(a) does not speak to the issue of prison time credit and does not support appellant's contention on appeal.

The key fact is this: appellant was not convicted of aggravated sexual assault of a child in 2002. Instead, he bargained for and received a deferred adjudication for that offense. There was no conviction on count one, and there was no sentence on count one. Therefore, while appellant was in prison serving his four-year sentence on count three, there was no sentence on count one to run concurrently. Appellant could not earn credit for serving a sentence that had not been imposed, for an offense for which he had not been convicted. What *did* run concurrently while appellant was in prison serving his sentence on count three was the period of deferred adjudication supervision ordered on count one.

3

But while, as a matter of law, appellant may not have earned credit against his current sentence while in prison for count three, it is nevertheless clear from the record that the trial court intended to take that time into account in determining the appropriate sentence for count one. At the conclusion of the adjudication hearing, the court asked counsel if appellant was entitled to credit for the time he spent in prison on count three. The prosecutor answered, "My inclination would be that he is, but I don't know. I'll have to research that . . . ." Defense counsel offered, "All I know is the sentences were running concurrent. . . . But as far as how the credit stacks, I do not know."[1] Having thus received no help from counsel, the court assessed appellant's punishment for count one at fifteen years' imprisonment and added, "Because of the unusual circumstances of this case, the way it has come about, I'm going to go ahead and remove any future litigation or problems with whether you're entitled to credit, and I'm going to give you credit for the time you've already spent in the penitentiary on Count Three of the indictment. You'll be entitled to whatever other credit under the law you're entitled to." We construe this to mean that the trial court assessed appellant's punishment at fifteen years minus the approximately three years he had already spent in prison on count three, for a net sentence of approximately twelve years.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Banks v. State*, 708 S.W.2d 460, 461-62 (Tex. Crim. App. 1986). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Coffey v. State*,

_____

[1] As we have explained, the sentences were not running concurrently because appellant had not been sentenced on count one.

4

979 S.W.2d 326, 328 (Tex. Crim. App. 1998). A trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in its written judgment. *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). Therefore, the judgment of conviction in this case must be modified to reflect the sentence orally pronounced by the trial court.

Appellant's four-year sentence for count three was imposed on February 11, 2002. The record reflects that he was released from prison after discharging this sentence on March 23, 2005. Thus, appellant served three years and forty days on count three. We therefore modify the judgment of conviction for count one to reflect that the sentence imposed by the trial court was imprisonment for eleven years and 325 days in prison. The award of 520 days of jail time credit remains unchanged.

As modified, the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Modified and, as Modified, Affirmed

Filed:   August 31, 2007

Do Not Publish

5