

# NUMBER 13-11-00608-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ANGEL WALDO HERNANDEZ,**                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Angel Waldo Hernandez, pleaded guilty to two counts of aggravated sexual assault, *see* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011), and three counts of indecency with a child by contact, *see* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011), without a plea bargain agreement with the State. By one issue, Hernandez contends that the trial court improperly pronounced a twenty-five year sentence for the convictions of indecency with a child. We affirm.

## I.   BACKGROUND

After Hernandez entered his guilty plea, the trial court held a sentencing hearing, wherein Hernandez requested a sentence of five years. The State argued that based on the facts of the case and that Hernandez pleaded guilty to committing the offenses against his nine-year-old daughter, the trial court should impose a sentence of forty years or more. The trial court took the case under advisement to review the pre-sentence investigation report.

The next day, the trial court asked the State and defense counsel to clarify if a plea bargain had been offered and what the offer entailed. The State told the trial court that it had offered thirty years, which Hernandez had refused. Defense counsel stated that was correct, but that the offer had been reduced to twenty-five years. The trial court clarified that the State's lowest offer was twenty-five years and then stated:

> All right. Obviously, I heard each respective arguments with respect to five years and the State yesterday argued forty years. I have reviewed in depth this pre-sentence investigation report and the file. Sir, I find the offenses herein to be quite serious and obviously he's doing his job to request the minimum, is hereby denied. I'm hereby sentencing you to 25 years TDC. You will be given credit for time served.
>
> All right. Good luck, sir.

In its written judgment, the trial court sentenced Hernandez to twenty years' confinement for the indecency with a child charges and twenty-five years for the aggravated sexual assault offenses. The trial court ordered the sentences to run concurrently.

## II.   DISCUSSION

Hernandez claims that the trial court orally sentenced him to twenty-five years confinement for indecency with a child. Hernandez concludes that because the written

2

judgment is inconsistent with the oral pronouncement, the judgment is void. We disagree.

Based on our review of the record, it is obvious that at the sentencing hearing, the trial court, the State, and defense counsel were discussing the sentencing for the aggravated sexual assault charges. *See* TEX. PENAL CODE ANN. § 22.021(e) (making aggravated sexual assault a first degree felony); *see also id.* § 21.11(d) (setting out that indecency with a child by contact is a second-degree felony). Defense counsel requested a sentence of five years while the State suggested a forty year sentence. *See* TEX. PENAL CODE ANN. §§ 12.32 (requiring a minimum punishment for a first degree felony of five years and a maximum of ninety-nine years or life), 12.33 (establishing that the minimum sentence for a second-degree felony is two years while the maximum is twenty) (West 2011). The trial court acknowledged that defense counsel was requesting the "minimum" sentence for the offenses. The parties did not discuss the penalties for a second-degree felony.

Accordingly, when the trial court pronounced Hernandez's sentence, it was referring to the aggravated sexual assault charges. It is fully apparent that the trial court did not make an oral pronouncement on the record regarding the indecency with a child charges.[1] No one informed the trial court that it had failed to pronounce sentence for the indecency with a child offenses. Moreover, Hernandez did not object to the sentence at the hearing or in any post trial motion.[2]

---

[1] An entry in the trial court's docket for August 4, 2011, states, "All parties appeared and announced ready for Sentencing. Court sentenced Dft to Twenty-Five (25) years TDCJ-ID w/credit for time served (391 days) for Counts I [and] V [(aggravated sexual assault)]; Twenty (20) years TDCJ-ID for Counts II, III, [and] IV [(indecency with a child)] to run concurrent." It is unknown why the reporter's record does not include the trial court's oral pronouncement of sentence for the indecency with a child offenses.

[2] We note that Hernandez does not complain that the trial court failed to orally pronounce a

3

Here, the written judgment clarifies that Hernandez received a twenty-five year sentence for the aggravated sexual assault offenses and twenty years for the indecency with a child charges and that the sentences will run concurrently. Therefore, to the extent that Hernandez claims the sentence is illegal because he received a twenty-five year sentence for indecency with a child, we conclude that claim is without merit. Furthermore, because the sentences are to run concurrently, Hernandez has not been harmed by the error, if any.

Even assuming, without deciding, that the trial court orally pronounced an improper twenty-five year sentence for the indecency with a child convictions, it did not impose a harsher sentence in its written judgment. *See Ex parte Madding*, 70 S.W.3d 131, 136–37 (Tex. Crim. App. 2002) (providing that the trial court violates a defendant's rights if it pronounces one sentence but imposes a harsher punishment in its written judgment). Thus, the trial court did not violate Hernandez's constitutional rights in this case. *See id.* at 136 ("A defendant has a due process 'legitimate expectation' that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve."). Instead, in the written judgment, the trial court imposed a sentence within the statutory range for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33.

Furthermore, in a case where the trial court's oral pronouncement differs from the written judgment, we reform the written judgment to reflect the oral pronouncement. *See Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004). However, that is not the appropriate remedy in this case because the only sentence the trial court

---

sentence for the indecency with a child convictions.

4

orally pronounced is an improper sentence for a second-degree felony. In cases where a sentence is outside the statutory limitations making the judgment void, we may modify the written judgment to reflect the proper sentence if the trial court's intent can be gleaned from the record. *McCray v. State*, 876 S.W.2d 214, 217 (Tex. App.—Beaumont 1994, no pet.) (citing *Bigley v. State*, 865 S.W.2d 26 (Tex. Crim. App. 1993); *Banks v. State*, 708 S.W.2d 460 (Tex. Crim. App. 1986)) ("[T]he courts of appeals have the authority to reform judgments, with said reformations not limited to merely clerical mistakes. . . . [And] when the court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal."); *see Ex parte Madding*, 70 S.W.3d at 137. Again, this is not the proper remedy in this case because the trial court properly sentenced Hernandez within the statutory limits of a second-degree felony in its written judgment.

It is apparent from the record that the trial court meant to sentence Hernandez to twenty years for the convictions of indecency with a child. Thus, the trial court has already corrected error, if any, in its oral pronouncement by sentencing Hernandez within the punishment range of a second-degree felony in its written judgment. *See McCray*, 876 S.W.2d at 217 (reforming void judgment to change improper sentence of twenty years to proper sentence of ten years and affirming judgment as modified); *see also Smith v. State*, Nos. 03-10-00621-CR, 03-10-00622-CR, 2011 Tex. App. LEXIS 7260, at *2–3 (Tex. App.—Austin August 31, 2011, no pet.) (mem. op., not designated for publication) (acknowledging that when the oral pronouncement does not conform with the written judgment the oral pronouncement controls and affirming the judgment without reformation although the oral pronouncement differed from the written judgment

5

"because the error in this cause lies only in the oral pronouncement, not the written judgment"). We overrule Hernandez's sole issue on appeal.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
26th day of July, 2012.