**Opinion issued July 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00077-CR

———————————

**JARED LEN CRUSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 75th District Court**
**Liberty County, Texas**[*]
**Trial Court Case No. CR29782**

---

---

[*] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 13–9008 (Tex. Jan. 17, 2013); *see also* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

## MEMORANDUM OPINION

Appellant Jared Len Cruse was convicted of aggravated sexual assault of a child and sentenced to life in prison. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). In this appeal, he argues that the trial court erred by admitting a video recording of his offense because it was discovered on his mobile phone after a police officer had seized it without a warrant. A warrant was obtained before the contents of the phone were searched. Because the record does not demonstrate that in the factual circumstances of this case the officer was required to obtain a warrant prior to the initial seizure of the phone, we affirm with a modification to the judgment.

### Background

Jared Cruse, then aged 18, was one of several young men and boys who sexually assaulted the complainant, an 11-year-old girl, at an abandoned trailer home in Cleveland, Texas. Cruse recorded a video of the offense using his mobile phone.

Antonio Ford, then the Chief of the Cleveland Independent School District Police, began an investigation. He interviewed the complainant, who reported that several of her assailants recorded the incident with their phones. Ford received a request from the City of Cleveland Police Department to locate Cruse. Ford found Cruse in the hallway of the high school and detained him in his office, along with

another suspect. In the office, Ford took both suspects' phones and labeled them. When a city police officer arrived, Ford gave the phones to him. At no time did Ford view the contents of the phones or otherwise access any data contained on them. Later that day, a detective obtained a warrant to search Cruse's phone. As a result, the police discovered the video recording of Cruse's offense.

A grand jury indicted Cruse for aggravated sexual assault. Prior to trial, he filed a motion to suppress the video. At a pretrial conference, the court decided not to hold a pretrial hearing on the motion to suppress, but to carry the motion with the trial.

At trial, the State offered the testimony of officers who had custody of Cruse's phone, including Ford, the officer who obtained the search warrant, and the forensic specialist who extracted the video. When the State offered the video into evidence, Cruse objected. His counsel stated that his "only concern here" was "Chief Ford and the fact that he seized the two cell phones without a warrant at that particular time." The court overruled the objection and admitted the evidence, stating:

> I'm going to overrule your objection. I'm going to find that there is no expectation of privacy of the cell phones themselves exclusive of the contents of the cell phone, that there is no expectation of privacy of the physical object itself, and therefore, it does not present a search issue under the Fourth Amendment.

In addition to the video evidence, the State identified Cruse as one of the assailants through the testimony of the complainant, a cooperating witness who had also participated in the crime, and a nurse who served as an outcry witness. The jury found Cruse guilty, and after a punishment hearing, it sentenced him to life imprisonment. Cruse timely filed notice of appeal.

## Analysis

### I. Seizure of mobile phone

Cruse argues that Ford violated the Texas and federal constitutions by seizing his phone without a warrant. Cruse has challenged only the initial seizure of his phone and not the search of its contents that followed pursuant to a warrant.

"In reviewing a trial court's ruling on a motion to suppress, appellate courts must afford great deference to the trial court's findings of historical facts as long as the record supports those findings." *Tucker v. State*, 369 S.W.3d 179, 184 (Tex. Crim. App. 2012). "An appellate court affords 'almost total deference to a trial court's determination of historical facts' and reviews de novo the court's application of the law of search and seizure." *Id.* "When the trial court does not make findings of fact, appellate courts view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings 'that buttress its conclusion.'" *Id.* "We will sustain the trial court's ruling if that ruling is 'reasonably supported by the record and is correct on any theory of

law applicable to the case.'" *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010).

The federal constitution declares, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. The Texas Constitution states, "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches . . . ." TEX. CONST. art. I, § 9.

The prohibition on unreasonable seizures is distinct from the prohibition on unreasonable searches. *See United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Id.* "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.*

During his testimony, Ford acknowledged that he seized Cruse's phone. Ford's testimony, however, did not describe the manner in which he took possession of the phone. For example, the record gives no indication whether Ford commanded Cruse to give him the phone, whether he took the phone from Cruse's hand, or whether he retrieved the phone during a search of Cruse's pocket.

5

"To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). As part of this initial burden, the defendant must show that a search or seizure occurred. *Id.* In this case, Cruse did not present evidence at trial, and has not argued on appeal, that Ford obtained the phone as the result of an illegal search or detention of his person.

Adhering to the presumption of proper police conduct, we will not assume that Ford obtained access to the phone as a result of an improper search or detention. *See id.* Accordingly, our review is confined to whether Ford's interference with Cruse's possession of the phone, i.e., his seizure of the phone, was lawful. *See Jacobsen*, 466 U.S. at 113, 104 S. Ct. at 1656.

"[T]he Texas Constitution contains no requirement that a seizure or search be authorized by a warrant. Thus, a seizure or search that is otherwise reasonable will not be found to be in violation of the state provision because it was not authorized by a warrant." *Hulit v. State*, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998). In contrast, a seizure of personal property is ordinarily considered "per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and

particularly describing the items to be seized." *United States v. Place*, 462 U.S. 696, 701, 103 S. Ct. 2637, 2641 (1983).

To support his appellate challenge, Cruse relies upon the recent Fourth Amendment decision of the Court of Criminal Appeals in *Turrubiate v. State*, 399 S.W.3d 147 (Tex. Crim. App. 2013). In that case, the Court held, "When a defendant moves to suppress evidence based on a warrantless search, the State has the burden of showing that probable cause existed at the time the search was made and that exigent circumstances requiring immediate entry made obtaining a warrant impracticable." *Turrubiate*, 399 S.W.3d at 151. Cruse argues that the State did not present adequate evidence of exigent circumstances to justify the seizure of his phone without a warrant.

Cruse's invocation of *Turrubiate* (a case involving the warrantless search of a home) is inapposite because he has not challenged a search but rather the seizure of his personal property. As previously explained, the record is silent as to whether a warrantless search occurred, and in that silence, we adhere to the presumption of proper police conduct. *See Ford*, 158 S.W.3d at 492. We thus assume that Ford was lawfully in a position to view and access Cruse's phone when he seized it.

"[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v.*

*Dickerson*, 508 U.S. 366, 375, 113 S. Ct. 2130, 2136–37 (1993). An object's incriminating character is considered immediately apparent if an officer has probable cause to believe it contains contraband. *See Arizona v. Hicks*, 480 U.S. 321, 326–27, 107 S. Ct. 1149, 1153–54 (1987); *Jacobsen*, 466 U.S. at 121–22, 104 S. Ct. at 1661; *State v. Dobbs*, 323 S.W.3d 184, 189 (Tex. Crim. App. 2010).

Cruse has not argued that Ford lacked probable cause to seize the phone. At trial, he complained only that Ford "seized the two cell phones without a warrant at that particular time." When asked during cross-examination "what probable cause" he had to seize the phone, Ford replied, "[T]he fact that I had been advised that [Cruse] had taped himself having sex with her and it was told to us that multiple individuals had photographed it." Ford had previously testified that he had interviewed the complainant and learned from her that mobile phones had been used to record her assault. Subject to certain defenses, it is a crime to possess images of a child engaging in sexual conduct, and therefore, such images are contraband. *See* TEX. PENAL CODE ANN. § 43.26 (West 2011).

As Ford had probable cause to believe that Cruse's phone contained contraband and because we assume, pursuant to the presumption of proper police conduct, that Ford was in a position from which he could lawfully observe and access the phone, he was not required to obtain a warrant before seizing the phone. *See Dickerson*, 508 U.S. at 375, 113 S. Ct. at 2136–37; *Ford*, 158 S.W.3d at 492.

8

Accordingly, the trial court did not err in overruling Cruse's objection to admission of the video. Cruse's issue is overruled.

## II.    Modification of judgment

The jury found Cruse guilty of the felony offense of aggravated sexual assault of a child, as charged in the indictment. The indictment alleged that Cruse had intercourse with a child younger than fourteen and did so in concert with another person who also had intercourse with the child in the same criminal episode. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(v). The minimum term of imprisonment for such an offense is 25 years. *See id.* § 22.021(f)(2). The offense is classified as a first-degree felony. *Id.* § 22.021(e). The range of punishment specified for Cruse's offense therefore included imprisonment for life or for any term of not more than 99 years or less than 25 years. *Id.* §§ 12.32(a), 22.021(f)(2).

In the punishment phase of the trial, the jury was correctly so charged, and it assessed Cruse's punishment as confinement for a term of life. When the judge pronounced sentence orally, he sentenced Cruse to imprisonment for "a period for and during your natural life." Nevertheless, although the oral pronouncement of the sentence made no reference to the possibility of parole, the trial court's written judgment specified punishment as "LIFE IN THE INSTITUTIONAL DIVISION, TDCJ WITHOUT POSSIBILITY OF PAROLE." Life without parole is within the range of punishment specified under the Penal Code for capital felonies, *see id.*

9

§ 12.31(a), but not for first-degree felony, *see id.* § 12.32(a). Government Code section 508.145(a) currently specifies that Cruse and others convicted of an offense punishable under Penal Code section 22.021(f) are ineligible for release on parole. TEX. GOV'T CODE ANN. § 508.145(a) (West 2012). However, that is a function of an inmate's eligibility for parole under the Government Code, not an aspect of the sentence for his offense under the Penal Code section 22.021.

"[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). When an appellate court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). Therefore, we will modify the judgment in this case to reflect the oral pronouncement of sentence, and remove the words "WITHOUT POSSIBILITY OF PAROLE."

**Conclusion**

We affirm the judgment of the trial court as modified to remove the words "WITHOUT POSSIBILITY OF PAROLE."


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

11