

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-13-00326-CR & 04-13-00327-CR

Christopher Hughes **LAMAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR5013 & 2012CR5014
Honorable Melisa Skinner, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED AS REFORMED

The State charged Christopher Hughes Lamar with the offenses of felony murder, intoxication manslaughter, and manslaughter in two separate three-count indictments, and tried both cases in a single trial.  Lamar pled guilty to Count II—intoxication manslaughter and not guilty to the remaining counts.  A jury found Lamar guilty of felony murder and assessed punishment at 30 years' incarceration.  In three issues, Lamar lodges complaints regarding his murder conviction and the lack of consideration of mitigating circumstances during punishment.

We reform the trial court's judgment in cause number 2012CR5013 to correct a clerical error, and affirm the judgments of the trial court as reformed.

Because Lamar does not raise a sufficiency challenge, we need not conduct a review of the evidence supporting the jury's verdict.[1]  Lamar first argues that "the jury erred in finding [him] guilty of murder instead of intoxication manslaughter."  Without proper briefing or citation to the record, Lamar essentially argues that a death resulting from driving while intoxicated should be prosecuted as intoxication manslaughter, and that the State overzealously charged him with felony murder in an attempt to secure a higher punishment.  Despite this complaint, Lamar acknowledges that the State may properly choose to prosecute a driving while intoxicated (DWI) homicide offense as a felony murder.  *See Lomax v. State*, 233 S.W.3d 302, 303, 311 (Tex. Crim. App. 2007) (felony DWI may serve as the underlying felony for a felony-murder prosecution).  We decline Lamar's request to follow Justice Johnson's dissent in *Lomax* to require that a death resulting from driving while intoxicated be exclusively prosecuted as intoxication manslaughter, and overrule his first issue.  *See id*. at 313-14 (Johnson, J., dissenting); TEX. R. APP. P. 38.1(i) (briefs must contain clear and concise argument for the contentions made).

In his second issue, Lamar complains that "the jury erred in not considering the mitigating circumstances of [his] brain injury and its effects when deciding the issue of punishment, and the sentence of 30 years was excessive."  Similarly, in his third issue, Lamar argues that the trial court erred in failing to instruct the jury to consider mitigating circumstances in assessing punishment, as permitted in capital cases.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.071, § 2(d)(1) (West Supp. 2013) (in capital case, court's charge must instruct jury to consider evidence that militates for or

---

[1] A blood specimen taken from Lamar shortly after the collision, which resulted in the deaths of Jessica Rodriguez and her daughter, Kaylee Flores, showed that his blood alcohol concentration was .23 grams of alcohol per 100 milliliters of blood.  Lamar admitted to having two prior DWI convictions, and to being intoxicated while driving with his knee, texting with one hand, and holding a GPS device in the other.

mitigates against the imposition of the death penalty). Lamar maintains that the evidence raised the issue of mitigation, pointing to his own testimony and that of his mother indicating that he sustained a brain injury at the age of sixteen that left him "in horrible shape" and caused him to take numerous prescription drugs. Lamar asks that we remand the cases to the trial court to hold a new sentencing hearing and to instruct the jury to give proper weight to the mitigating circumstances of a brain injury in assessing punishment.

First, Lamar has not shown that he attempted to offer mitigating evidence but was denied, or that the jury failed to consider the evidence that was presented during punishment. In fact, it could be argued that the sentence of 30 years was lenient considering that Lamar faced the possibility of a life sentence. Second, we cannot say the trial court erred in failing to sua sponte instruct the jury to consider mitigating circumstances where the death penalty was not a possibility. *See id*. (mitigation charge only required in capital cases). Lamar does not cite to any authority standing for the proposition that such a charge is required in non-capital cases. Despite Lamar's urging for this court to require that a mitigation charge be given in non-capital cases where the defendant's mental impairment is at issue, we are not at liberty to adopt such a rule, and as an intermediate court of appeals, we are bound to follow the precedent of the court of criminal appeals. *See* TEX. CONST. art. V, § 5(a). Accordingly, we overrule Lamar's second and third issues.

The trial court's judgment in cause number 2012-CR-5013 should be reformed to reflect the correct judgment date. *See* TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986) (court of appeals may reform the judgment to correct an obvious clerical error when it has the necessary data before it). The record indicates the jury rendered a verdict on April 22, 2013. Accordingly, we reform the judgment in cause number 2012-CR-5013 to accurately

reflect April 22, 2013 as the date of judgment.  As reformed, the judgments of the trial court are affirmed.

Rebeca C. Martinez, Justice

Do not publish