

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00151-CR

CHRISTOPHER REUTERSKIOLD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-90A-012, Honorable Gordan H. Green, Presiding

August 28, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Christopher Reuterskiold, appeals from a judgment revoking his community supervision. Appellant presents three issues which are all directed toward the proposition that the judgment of conviction which placed him on community supervision has an erroneous date for the commission of the offense. The State has filed a brief agreeing that the judgment requires modification, albeit for different reasons than those set out by appellant.

The record before this Court reflects that, while appellant was still a juvenile, he was indicted for the offense of aggravated sexual assault of a child, alleged to have occurred "on or about September 1, 1987." Pursuant to a plea agreement, on September 13, 1990, appellant entered a plea of guilty to the lesser offense of sexual assault. After having been placed on community supervision for eight years and after having his term of community supervision extended on two occasions, appellant's community supervision was revoked April 7, 2014. Appellant was then sentenced to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant appeals his judgment of conviction, contending that the original judgment convicting him of the offense of sexual assault listed an erroneous date as the date of the offense. The judgment placing appellant on community supervision lists January 1, 1987, as the date of commission of the offense. The State agrees that the date of the offense was, as alleged in the indictment, "on or about September 1, 1987."

This Court has the authority to correct what is, on its face, a clerical error and, thus, to ensure that the record speaks the truth. *See French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

The record before this Court clearly indicates that the indicted date of offense was "on or about September 1, 1987." Further, the stipulation of evidence introduced at

the time of appellant's plea of guilty also says that the date offense was "on or about September 1, 1987."

We, therefore, modify the judgment entered upon appellant's plea of guilty to reflect a date of commission of the offense of September 1, 1987. Our review of the judgment revoking appellant's community service reflects that the judgment properly recites a date of commission of the offense as September 1, 1987. Thus, there is no reason for the modification of the date of commission of the offense on the judgment revoking appellant's community supervision.

## Conclusion

Having modified the original judgment placing appellant on community supervision to reflect the correct date, we affirm the trial court's judgment revoking community supervision. *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice


Do not publish.