

# NUMBER 13-15-00311-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NESTOR ABARCA-SANCHEZ,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

### On appeal from the 21st District Court
### of Bastrop County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

The trial court adjudicated appellant Nestor Abarca-Sanchez guilty of indecency with a child and sentenced him to twelve years in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw

through 2015 R.S.).   By one issue, appellant contends that the trial court erred when it failed to award him the proper amount of jail credit.   We affirm as modified.[1]

## I.   BACKGROUND

On July 20, 2010, a Bastrop County grand jury indicted appellant for the second-degree offense of indecency with a child, committed on or about March 1, 2010. On October 22, 2010, appellant entered a plea of guilty, and the trial court placed him on deferred adjudication community supervision.   The United States government then deported appellant.

On March 8, 2012, appellant was detained while attempting re-entry into the United States.   The State filed an amended motion to adjudicate, and on April 6, 2015 at a hearing on the State's motion, the trial court accepted appellant's pleas of "true" to the alleged violations of the terms of his court-ordered community supervision.   At a May 18, 2015 hearing, the trial court revoked appellant's community supervision, found him guilty, and sentenced him to twelve years' confinement.   Without indicating a specific number of days, the trial court orally ordered "credit for back time."   The judgment adjudicating guilt identified the periods of incarceration for which time was to be credited—a total of 1,331 days.   However, the judgment included a special finding or order that appellant was entitled to "1,232 days credit."   This appeal followed.

## II.   JAIL-TIME CREDIT

By a single issue, appellant claims that the trial court erred when it failed to award

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

2

him the correct amount of jail-time credit. He also argues that this error involves more than an alleged miscalculation or clerical error and that it is impossible to determine the correct number of days credit to which he is entitled. We agree that the trial court credited appellant's sentence with an incorrect amount of jail time, but disagree that it is impossible to determine the correct amount.

The trial court used a standardized felony judgment form as required by section 4 of article 42.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 4 (West, Westlaw through 2015 R.S.). On this form, the amount of time credited is described in terms of the periods (calendar dates) of incarceration and not by the sum of those days. The calendar dates for time credited on appellant's sentence are May 10, 2010 to October 22, 2010 and March 8, 2012 to May 18, 2015. Appellant does not challenge these dates.

On May 18, 2015, the trial court adjudicated appellant and sentenced him. After finding appellant guilty, the trial court ordered that appellant "be sentenced to twelve years in the Institutional Division of the Texas Department of Criminal Justice" and that he "receive all the credit that [he had] built up." Regarding the time to be credited, the trial court addressed the prosecutor stating, "[I]t sounds like you have that calculated. If you'll go over that with [the defense counsel] to see if there's any questions about it." The trial court then directed the following to appellant:

> But while you're in custody, whether it's the custody of the Bastrop County Sheriff's Office or the federal custody, you receive credit for that. You do not receive credit for the time that you were not in custody while in Mexico. But you do receive credit for the timeframe that I think everybody is in agreement of the timeframe. . . . So it's the order of the [c]ourt you're sentenced to twelve years with credit for back time.

The trial court orally pronounced only that appellant would receive credit for jail time served. Because the court made no oral pronouncements regarding the amount of jail time appellant had served, there could be no conflicting oral pronouncements that would control the written judgment in this case as to jail-time credit.[2] *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (explaining that the judgment, including the sentence assessed, is just the written declaration and embodiment of the oral pronouncement, and when there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls); *see also Ferrow v. State*, No. 03-08-00326-CR, 2008 WL 5423210, at *1 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op., not designated for publication) (providing that the written judgment should be modified to conform to the oral pronouncement of the amount of jail time to be credited on the sentence). So our review is of the trial court's written judgment.

The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b). When an appellate court has the necessary data and evidence before it for modification, the court may modify the judgment and sentence on appeal. *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (en banc).

In this case, with no conflicting oral pronouncement, the trial court's judgment adjudicating appellant of indecency with a child by contact recites that appellant's twelve-

---

[2] At the April 6, 2015 hearing at which the trial court accepted appellant's plea, when asked by defense counsel if he could "put in the number of days that we show his credit time [in his plea papers]?", the trial court responded, "1,315," and appellant and defense counsel agreed with that figure. Although the trial court recognized 1,315 days of jail credit at this hearing, we cannot conclude that the trial court's response was an oral pronouncement of the amount of appellant's jail-time credit that would control over the written judgment. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

4

year sentence should be credited with his incarceration periods from May 10, 2010 to October 22, 2010 (165 days) and from March 8, 2012 to May 18, 2015 (1,166 days). Based on this necessary data, the time credited should have been 1,331 days. *See id.* However, the judgment sets out a credit of 1,232 days. Accordingly, we sustain appellant's sole issue, and we modify the judgment to reflect 1,331 days credit.[3] *See* TEX. R. APP. P. 43.2(b).

### III. CONCLUSION

We affirm the judgment as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 24th
day of September, 2015.

---

[3] Appellant also challenges the voluntariness of his plea, asserting that he based his pleas of true on 1,315 days of credit as discussed at the April 6, 2015 hearing. But appellant did not complain of the voluntariness of his pleas to the trial court. The Texas Court of Criminal Appeals has held that a complaint about the voluntariness of a plea is a "non-structural error" that must be preserved in accordance with rule 33.1 of the Texas Rules of Appellate Procedure. *Mendez v. State*, 138 S.W.3d 334, 338–39 (Tex. Crim. App. 2004) (en banc); *see* TEX. R. APP. P. 33.1. We conclude that appellant did not preserve for our review his complaint about the voluntariness of his pleas of true.