

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00044-CR

**ALANDIS MONTREAL RUSSAW, JR.,**

                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                **Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. C36450-CR

## MEMORANDUM OPINION

Alandis Montreal Russaw, Jr. was convicted of Aggravated Sexual Assault of a Child and sentenced to 65 years in prison. *See* TEX. PENAL CODE ANN. §22.021(a)(2)(B) (West 2011). Because there is no reversible error, but also because the parties agree to reform the trial court's judgment, the trial court's judgment is affirmed as reformed.

The victim in this case is Russaw's 11 year-old stepdaughter, "Ariel." The discovery of the offense occurred when Ariel was found to be pregnant. DNA tests revealed that Russaw was the father of Ariel's child.

Russaw asserts in his first issue that the trial court erred in admitting a photograph of the man Russaw and Ariel's mother accused of sexually assaulting Ariel. Specifically, he argues that the photograph was irrelevant and that its probative value was outweighed by the danger of unfair prejudice.

Russaw never asserted to the trial court that the photograph's probative value was outweighed by the danger of unfair prejudice. Accordingly, that part of Russaw's first issue is not preserved for our review. *See* TEX. R. APP. P. 33.1. Further, assuming without deciding the photograph was irrelevant, Russaw was not harmed by its admission.

The purported erroneous admission of evidence is non-constitutional error and is subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Under Rule 44.2(b), we disregard all non-constitutional errors that do not affect the appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *see also Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). Neither party has the burden to prove harm from an error. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). It is the duty of the reviewing court to assess harm from the context of the error. *Id*.

An integral part of Russaw's defense was that Rudy Sanchez, Jr. committed the offense, not Russaw. The jury was informed, however, that Sanchez was tracked down

and provided a DNA sample to determine whether he was the father of Ariel's child. Test results excluded him as the father. The photograph, and not a very good quality photograph at that, merely put a face with the name. It was not mentioned again. Sanchez, himself, later testified during the punishment phase. Based on a review of the record, we cannot say that Russaw's substantial rights were affected by the introduction of the photograph.

Accordingly, Russaw's first issue is overruled.

In his second issue, Russaw contends the trial court's judgment is incorrect and must be modified to reflect the correct date the judgment was entered. This deficiency appears to be a clerical mistake, not an error; nevertheless, the State agrees the judgment should be modified.

We have the authority to correct and reform a judgment when we have the necessary data and information to do so. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we reform the trial court's judgment as agreed by the parties to reflect the date 1/30/2017 as the date the judgment was entered.

Russaw's second issue is overruled.[1]

---

[1] As we have said before, rather than an appeal, we note that a more efficient manner of making this type of change may be a motion for modification or motion for judgment nunc pro tunc, depending on the timing of the discovery of the issues, filed in the trial court. *Kerr v. State*, No. 10-15-00113-CR, 2016 Tex. App. LEXIS 12082, at *2 n.3 (Tex. App.—Waco Nov. 9, 2016, no pet.) (not designated for publication).

Having overruled each issue on appeal but also having reformed the trial court's judgment, we affirm the trial court's judgment as reformed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as reformed
Opinion delivered and filed July 19, 2017
Do not publish
[CRPM]

