

# NUMBER 13-17-00396-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOHN RAFAEL ARGUELLO,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

---

**On appeal from the 258th District Court
of San Jacinto County, Texas.**

---

# MEMORANDUM OPINION[1]

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant John Rafael Arguello appeals from a judgment revoking community

supervision and adjudicating guilt on one count of theft of property, a class A

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(e)(3) (West, Westlaw through 2017 1st C.S.). The trial court sentenced Arguello to confinement for 300 days in the county jail with sixty-six days credit for time served. In his sole issue, Arguello complains that the trial court erroneously included a requirement that he register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (West, Westlaw through 2017 1st C.S.). We affirm as modified.

## I. BACKGROUND

Arguello, was charged by indictment with one count of committing theft of a 1950 Ford Jubilee tractor, worth between $1,500 and $20,000, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4). Arguello waived his right to trial and pled guilty to the lesser included offense of class A misdemeanor theft. The trial court accepted Arguello's guilty plea, placed him on community supervision for two years, required him to perform 120 hours of community service at a minimum rate of eight hours each month, ordered him to pay a Crime Stoppers fee of fifty dollars, and assessed a $500 fine. The terms of the trial court's community supervision order required, among other things, that Arguello report in person to the community supervision and corrections department once a month and submit proof of academic achievement to the department within thirty days.

Approximately five months later, the State filed a motion to revoke community supervision. In its motion, the State alleged that Arguello had violated the terms of his community supervision by failing to: (1) report in person to the community supervision and corrections department for the months of September, October, and November; (2) complete 120 hours of community service; and (3) submit proof of academic achievement

2

to the department within thirty days.[2]   At the revocation hearing, Arguello pleaded "true" to all allegations by the State.

The trial court found that Arguello violated the terms of community supervision. The trial court revoked Arguello's community supervision and sentenced him to confinement for 300 days.   The written judgment cited the statute for the offense as section 62.102 Texas Code of Criminal Procedure, titled "Failure to Comply with Registration Requirements," and noted that Arguello was required to register as a sex offender.   *See* TEX. CODE CRIM. PROC. ANN. art. 62.102.   This appeal followed.

## II. DISCUSSION

Arguello's sole issue is that the trial court erred by including a reference to section 62.102 of the Texas Code of Criminal Procedure and by requiring him to register as a sex offender.   *See id.*   According to Arguello, chapter 62 of the Texas Code of Criminal Procedure (1) does not apply to the offense of theft of property; (2) does not apply to him for any violations of his community supervision; and (3) mainly applies only to persons who engage in sexual offenses.

This Court has the authority to modify judgments to correct typographical errors and make the record speak the truth.   *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Martinez v. State*, 527 S.W.3d 310, 329 (Tex. App.—Corpus Christi 2017, pet. ref'd).   The orally pronounced judgment at trial is embodied in the written judgment and should conform strictly to what is spoken.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 (West, Westlaw through 2017 1st C.S.); *Ex parte*

---

[2] The State also alleged numerous instances of Arguello's failure to pay fines and fees.

*Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

Here, the judgment revoking community supervision did not conform to the trial court's oral pronouncement of sentence.   *See Ex parte Madding*, 70 S.W.3d at 135; *see also Banks*, 708 S.W.2d at 462 (a "written sentence should be reformed to reflect the record of the proceedings").   Further, the references in the written judgment to the sex offender statute appear to be typographical errors.   We therefore modify the judgment to reflect a conviction under Texas Penal Code section 31.03(e)(3) for theft of property, a class A misdemeanor, and that the sex offender registration requirements do not apply to this offense.   *See* TEX. PENAL CODE ANN. § 31.03(e)(3).   We sustain Arguello's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed as modified.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2018.

4