# NO. 12-18-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL JEROME BROWN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Samuel Jerome Brown appeals the trial court's judgment incorporating an order to withdraw funds from his inmate trust account to pay his court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with felony assault family violence. He pleaded "guilty" to the offense as charged. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of eight years. Subsequently, the State filed a motion to adjudicate Appellant's guilt. After a hearing, the trial court granted the motion and assessed Appellant's punishment at imprisonment for five years. This appeal followed.

## WITHDRAWAL ORDER

In Appellant's sole issue, he argues that the trial court's order to withdraw funds from his inmate trust account contains an incorrect amount of court costs. He contends that we should modify the order to reflect the correct amount. The State agrees, and so do we.

The record in this case indicates that a clerical error was made in the amount of court costs reflected in the withdrawal order. The order of deferred adjudication shows a court cost amount

of $229.00.  The final bill of costs shows an initial court cost amount of $229.00 and a balance of $89.00, indicating that Appellant paid part of his court costs while on community supervision.  The judgment adjudicating guilt shows a court cost amount of $89.00.  But the withdrawal order shows a court cost amount of $229.00.

An appellate court may reform a trial court's judgment when it has the necessary data and information.  TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).  The judgment in this case states that the attached withdrawal order is incorporated into the judgment and made a part of it.  Therefore, we may reform the withdrawal order because we have the necessary data and information to do so.  *See id.*  Because the court cost amount in the withdrawal order conflicts with the amount in the bill of costs and the body of the judgment, we conclude that we should modify the withdrawal order to reflect a court cost amount of $89.00.  *See id.*  Accordingly, we sustain Appellant's sole issue.

### DISPOSITION

Having sustained Appellant's sole issue, we *modify* the withdrawal order in the trial court's judgment to reflect a court cost amount of $89.00.  We *affirm* the trial court's judgment *as modified*.

GREG NEELEY
Justice

Opinion delivered January 16, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 16, 2019**

**NO. 12-18-00173-CR**

**SAMUEL JEROME BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0459-17)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the withdrawal order in the judgment of the court below be **modified** to reflect a court cost amount of $89.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*