# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00763-CR

**Daniel Whitley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-10-600053, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Daniel Whitley guilty of aggravated sexual assault of a child younger than fourteen years old. *See* Tex. Penal Code § 22.021(a)(2)(B). After finding that an enhancement allegation was "true," the trial court sentenced Whitley to forty years' imprisonment, with the sentence to commence after Whitley's conviction and sentence for an unrelated aggravated sexual assault was complete. On appeal, Whitley asserts that (1) the jury charge impermissibly allowed the jury to convict him with less than a unanimous verdict, (2) the trial court erred in allowing an outcry witness to testify without determining whether the outcry statements were reliable, and (3) the cumulation order in the judgment of conviction is deficient because it fails to properly identify when his sentence will begin. We modify the judgment of conviction and, as modified, affirm the judgment.

## BACKGROUND

"Becky," the complaining witness in this case, was eleven years old at the time of trial.[1] Becky testified that Whitley—who is her stepfather's brother—penetrated Becky's mouth with his sexual organ when Becky was approximately five years old.[2] *See id.* § 22.021(a)(1)(B)(ii).

According to Becky, she was in a car with Whitley in the parking lot of a grocery store while Becky's mother Nastassia was inside purchasing groceries. Becky stated that she was upset because Nastassia refused to buy her an ice cream sandwich. After her mother went into the grocery store, Whitley said "if you do this, I'll give you this ice cream sandwich." Becky did not know what Whitley was referring to, but when she moved from the back seat to the front, Whitley unzipped his pants and she saw "the thing he uses . . . to pee." Using an anatomical doll during her trial testimony, Becky identified the "thing" as Whitley's sexual organ. Initially Becky refused to touch Whitley's sexual organ, but Whitley kept "begging," and Becky stated that she felt like she did not have a choice. Becky explained that she put Whitley's sexual organ inside her mouth, but when Whitley saw Nastassia returning from the grocery store, he told Becky to return to the back seat.

Nastassia testified that Becky told her about this alleged sexual assault in 2010, at which time Becky was ten years old. Nastassia stated that she reported the alleged assault to the police, and after an initial investigation, Becky recounted her assault to a forensic investigator.

---

[1] In order to protect the identity of the children in this case, we refer to the victim and other minors using fictitious names and refer to the victim's adult family members by their first names.

[2] Becky testified that she believed the sexual assault took place in 2005, which would have made her four years old, but her mother explained that based on Becky's description of the events, the assault more likely occurred in 2006 when Becky was five.

Following this investigation, Whitley was arrested and charged with two counts of aggravated sexual assault and two counts of indecency with a child.[3]

After a two-day trial, the jury found Whitley guilty of aggravated sexual assault and the State waived the indecency-with-a-child counts. Whitley elected to have the trial court assess punishment. After finding that Whitley had previously been convicted of a felony offense, the trial court sentenced Whitley to forty years' imprisonment. *See id.* § 12.42(f) (providing that defendant's conviction as juvenile for "delinquent conduct . . . constituting a felony offense . . . is a final felony conviction" for purposes of punishment enhancement). Furthermore, the trial court ordered that this sentence would commence after the sixty-year sentence that Whitley was already serving for an unrelated offense was complete. This appeal followed.

**DISCUSSION**

**Unanimous verdict**

In his first issue on appeal, Whitley asserts that the jury charge impermissibly allowed the jury to convict him on less than a unanimous verdict. *See* Tex. Const. art. V, § 13; Tex. Code Crim. Proc. art. 36.29(a) (requiring unanimous jury verdicts in felony cases). Specifically, Whitley argues that the charge instructed the jury that it could convict him of aggravated sexual assault if it believed either that he (1) penetrated Becky's mouth with his sexual organ or (2) caused Becky's

---

[3] The first aggravated-sexual-assault count alleged that Whitley penetrated Becky's mouth with his sexual organ, *see* Tex. Penal Code § 22.021(a)(1)(B)(ii), and the second count alleged that Whitley caused Becky's mouth to contact his sexual organ, *see id.* § 22.021(a)(1)(B)(v). The two counts of indecency with a child alleged that Whitley exposed his genitals to Becky and caused Becky to touch his genitals. *See id.* § 21.11(a)(1)–(2).

3

mouth to contact his sexual organ. *See* Tex. Penal Code § 22.021(a)(1)(B)(ii), (v). Whitley asserts that these two different manners and means of committing sexual assault should not have been charged in the conjunctive. According to Whitley, certain members of the jury could have convicted him for penetrating Becky's mouth with his sexual organ while others could have concluded that he only contacted her mouth with his sexual organ, and thus the jury's verdict on the manner and means of sexual assault was not unanimous.

In assessing a jury-unanimity challenge, we examine the plain language of the relevant statute. *See Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006). The purpose of this inquiry is to determine whether the legislature has created a single offense with multiple or alternate methods of commission. *Id.* Jury unanimity is required with respect to all essential elements of the offense at issue; however, the jury need not unanimously agree on a specific method of committing a single offense. *Id.*

In this case, the jury instruction indicates that the jury could convict Whitley of either penetrating Becky's mouth with his sexual organ or causing Becky's mouth to contact his sexual organ, thus violating either subsection (ii) or (v) of section 22.021(a)(1)(B) of the Penal Code. Generally, each subsection within 22.021(a)(1)(B) describes distinct forms of prohibited sexual conduct, with each qualifying as a separate offense. *See Villanueva v. State*, 227 S.W.3d 744, 748 (Tex. Crim. App. 2007) (citing *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999)). However, "[a]n allegation of 'penetration'" of the victim's mouth "overlap[s] an allegation of 'contact'" such that if a jury finds that the defendant penetrated the victim's mouth with his sexual organ, the jury necessarily finds that the defendant caused the victim's mouth to contact his sexual organ. *See Vick*,

4

991 S.W.2d at 834 n.2; *see also Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (concluding that finding of penetration includes finding of contact).

Therefore, if certain jurors concluded that Whitley penetrated Becky's mouth with his sexual organ, they also concluded that he caused her mouth to contact his sexual organ. *See Santee v. State*, 247 S.W.3d 724, 728–29 (Tex. App.—Houston [1st. Dist.] 2007, no pet.) (concluding verdict unanimous when jury charge alleged penetration and contact of victim's sexual organ); *see also Gonzalez Soto v. State*, 267 S.W.3d 327, 339 n.54 (Tex. App.—Corpus Christi 2008, no pet.) (listing several appellate court decisions concluding that contact is subsumed within penetration for purposes of section 22.021 of Penal Code). At a minimum, all of the jurors must have determined that Whitley caused his sexual organ to contact Becky's mouth, and therefore the jury's verdict was unanimous as to section 22.021(a)(1)(B)(v). *See Santee*, 247 S.W.3d at 729. Thus, we conclude that the jury charge did not authorize a conviction on less than a unanimous verdict. We overrule Whitley's first appellate issue.

**Outcry testimony**

In his second issue on appeal, Whitley asserts that the trial court erred in allowing Nastassia to testify about Becky's previous out-of-court statements concerning this alleged assault. Specifically, Whitley argues that Nastassia's statements could only be admissible as outcry testimony, and therefore the trial court should have conducted a hearing to determine whether the testimony was reliable. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(2). Because the trial court failed to conduct this reliability hearing, Whitley claims that Nastassia's testimony should not have been admitted.

5

Article 38.072 of the Code of Criminal Procedure provides a general exception to the hearsay rule, allowing the first person to whom a child-victim confides to testify about the child's prior out-of-court statements concerning certain sexual offenses. *See id.*; *see also* Tex. R. Evid. 801–02 (defining and excluding hearsay statements that do not fall into statutory exceptions). This exception allows for the admission of outcry testimony if (1) the State provides the defendant with notice of its intent to introduce outcry testimony; (2) the trial court, after conducting a reliability hearing, concludes that the testimony is reliable based on the time, content, and circumstances under which the child made the out-of-court statements; and (3) the child who made the statement is available to testify at trial. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b).

In this case, the state provided proper notice that it intended to call Nastassia and Becky's minor aunt, "Olivia," as outcry witnesses. Whitley filed a pretrial motion to conduct a reliability hearing with respect to Olivia's outcry testimony but did not otherwise request a reliability hearing with respect to Nastassia. Furthermore, Whitley did not object to Nastassia's testimony about Becky's out-of-court statements at trial on any grounds, nor did Whitley request a reliability hearing before Nastassia testified.

Therefore, Whitley has failed to preserve his complaint about the admissibility of Nastassia's testimony for appellate review. *See* Tex. R. App. P. 33.1 (requiring party to raise complaint at trial to preserve issue for appellate review); *see also Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (concluding hearsay objection to outcry testimony can preserve complaint that trial court failed to conduct reliability hearing); *Dorsey v. State*, No. 03-10-00039-CR, 2010 WL 3810830, *6 (Tex. App.—Austin Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication)

(concluding that defendant failed to preserve complaint about failure to conduct reliability hearing by not raising objection at trial). We overrule Whitley's second appellate issue.

**Cumulation order**

In his final appellate issue, Whitley asserts that the cumulation order within his judgment of conviction fails to adequately identify his prior conviction and ongoing sentence for a separate aggravated-sexual-assault offense and, therefore, the cumulation order should be deleted. When a trial court orders a given sentence to commence after a defendant completes a current sentence for a prior conviction, the court of criminal appeals has recommended that the cumulation order include the following information:

(1)     the trial court number of the prior conviction;

(2)     the correct name of the court where the prior conviction was taken;

(3)     the date of the prior conviction;

(4)     the term of years of the prior conviction; and

(5)     the nature of the prior conviction.

*Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (internal citations omitted).

In this case, the trial court's written cumulation order lists only the trial court cause number of Whitley's prior conviction. Therefore, as the State concedes, the cumulation order is insufficient. *See id.* However, the State asserts that the trial court's oral pronouncement of sentence contains sufficient information about Whitley's prior conviction and, therefore, this Court can modify the judgment of conviction to include the necessary information in the cumulation order.

7

*See id.* at 461–62 (concluding that appellate court can modify deficient cumulation order if trial court's oral pronouncement of sentence contains sufficient information). We agree.

In its oral pronouncement of sentence, the trial court stated the following:

> The defendant is ordered to serve a sentence of 40 years and that sentence is ordered to run consecutively to the sentence that was previously imposed in Cause No. D-1-DC-07-301930 in the 427th District Court of Travis County, Texas, for an offense dated 08-07 year 2007.[4] That was a sentence of 60 years for conviction of aggravated sexual assault with a deadly weapon.

This oral pronouncement contains the necessary information that should have been included in the cumulation order. Therefore, we have the authority to modify the written judgment of conviction to comply with the oral pronouncement of punishment. *See id.*; *see also Revels v. State*, 334 S.W.3d 46, 56 (Tex. App.—Dallas 2008, no pet.) (modifying cumulation order with information from pronouncement of sentence).

The portion of the court's judgment of conviction that reads "THIS SENTENCE SHALL RUN CONSECUTIVELY WITH A PRIOR CONVICTION IN CAUSE NUMBER D-1-DC-07-301930" is modified to read as follows:

> THIS SENTENCE SHALL RUN CONSECUTIVELY AND BEGIN ONLY WHEN THE MAY 30, 2008 JUDGMENT AND SENTENCE OF 60 YEARS IMPRISONMENT IN THE FOLLOWING CASE CEASES TO OPERATE: CAUSE NUMBER D-1-DC-07-301930 IN THE 427TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY INVOLVING AGGRAVATED SEXUAL ASSAULT WITH A DEADLY WEAPON.

---

[4] The trial court's oral pronouncement of sentence did not specify the date that judgment was entered in Whitley's previous conviction. However, the judgment of conviction for that offense, admitted as an exhibit at trial, specifies that the judgment was entered on "5/30/2008."

As modified, we affirm the trial court's cumulation order. We overrule Whitley's third and final appellate issue.

## CONCLUSION

Having overruled Whitley's three issues on appeal, we modify the trial court's judgment of conviction as outlined above and, as modified, affirm the judgment.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Modified and, as Modified, Affirmed

Filed:   November 7, 2014

Do Not Publish