

# NUMBERS
# 13-14-00352-CR
# 13-14-00353-CR
# 13-14-00354-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PATRICK TODD,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

---

## On appeal from the 319th District Court
## of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

In 2011, appellant, Patrick Todd, pursuant to a plea agreement, pleaded guilty to

aggravated assault (appellate cause number 13-14-00354-CR) and burglary of a

habitation with the intent to commit assault (appellate cause number 13-14-00353-CR),

both second-degree felonies.  *See* TEX. PENAL CODE ANN. §§ 22.02, 30.02 (West, Westlaw

2013 through 3d C.S.).  The trial court deferred adjudication and placed Todd on five years' community supervision.  In 2013, the State filed a motion to revoke Todd's community supervision; the trial court continued Todd on community supervision.  In 2014, the State indicted Todd for two counts of sexual assault of a child (appellate cause number 13-14-00352-CR).  *See id.* § 22.011.  In addition, the State filed a motion to revoke Todd's community supervision for the aggravated assault and burglary offenses.  Todd pleaded "true" to the State's allegations that he violated the terms of his community supervision in each case and entered an open plea of guilty to the sexual assault of a child charges, the trial court revoked Todd's community supervision and adjudicated him guilty of the aggravated assault, burglary, and sexual assault of a child offenses.  The trial court sentenced Todd to fifteen years' confinement on each charge with the sentences to run concurrently.  These appeals followed.  Todd's court-appointed counsel has filed an *Anders* brief, covering all three appeals.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  We affirm the judgments in appellate cause numbers 13-14-00352-CR and 13-14-00354-CR, and we affirm as modified the judgment in appellate cause number 13-14-00353-CR.

## I.     ANDERS BRIEF

Pursuant to *Anders v. California*, Todd's court-appointed appellate counsel has filed a brief with this Court, stating that he "has diligently reviewed the entire record and concludes there is no reversible error."  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to

2

the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Todd's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified Todd that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Todd with a copy of the pleadings; (3) informed Todd of his rights to file a pro se response and to review the record preparatory to filing that response; and (4) provided Todd with a copy of the appellate record.[1] *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

More than a reasonable amount of time has elapsed since counsel certified in writing that he has provided appellant with a copy of the appellate record and motion to withdraw, and appellant has not filed a pro se response. The State has also not filed a brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have

---

[1] Because Todd's counsel has provided Todd with a copy of the entire appellate record, it was not necessary for him to provide Todd with a form motion for pro se access to the appellate record. *See Gonzalez v. State*, No. 13-13-00231-CR, 2014 WL 5314474, at *1 (Tex. App.—Corpus Christi Oct. 16, 2014, no pet.) (mem. op., not designated for publication).

found nothing that would arguably support an appeal in any of the causes. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgments of the trial court in appellate cause numbers 13-14-00352-CR and 13-14-00354-CR are affirmed, and the judgment of the trial court in appellate cause number 13-14-00353-CR is affirmed as modified as explained below.

### III. MODIFICATION

We note that the trial court's judgment adjudicating Todd of committing burglary of a habitation with intent to commit assault in appellate cause number 13-14-00353-CR recites that the statute is section "22.02" of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.02. However, section 22.02 is the statute for aggravated assault, whereas in this cause, Todd was indicted and pleaded guilty to burglary of a habitation with intent to commit assault under section 30.02. *See id.* § 30.02. The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b). When an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal. *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986). Accordingly, we modify the judgment in appellate cause number 13-14-00353-CR to reflect the correct statute and affirm as modified.

### IV. MOTION TO WITHDRAW

4

In accordance with *Anders*, Todd's attorney has asked this Court for permission to withdraw as counsel for appellant in all three appellate causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw from all three causes. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to Todd and to advise him of his right to file a petition for discretionary review in each cause. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).[2]

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
12th day of March, 2015.

---

[2] No substitute counsel will be appointed. Should Todd wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this memorandum opinion or the date when the Court overrules the last timely motion for rehearing or timely motion for en banc reconsideration. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* 68.4.