

# NUMBERS 13-13-00328-CR & 13-13-00329-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FRANK LARA JR.,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Frank Lara Jr. appeals his convictions from two separate causes for assault family violence and sexual assault.[1] In cause 13-13-00328-CR, appellant was indicted for assault family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. §§

---

[1] Appellate Cause No. 13-13-00328-CR (assault family violence) is the appeal from trial court cause 13-094. Appellate Cause No. 13-13-00329-CR (sexual assault) is the appeal from trial court cause 13-095.

22.01(b) (West, Westlaw through Chapter 46 2015 R.S.).   A jury found appellant guilty and assessed punishment at ten years' incarceration in the Texas Department of Criminal Justice, Institutional Division ("TDCJ"), plus a fine of $10,000.   Appellant's sentence, however, was suspended and appellant was placed on community supervision.   In cause 13-13-00329-CR, appellant was indicted for sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a) (West, Westlaw through Chapter 46 2015 R.S.). After a single trial on both causes, a jury found appellant guilty and assessed punishment at sixteen years' incarceration in TDCJ, plus a fine of $10,000.   By a single issue in each cause, appellant contends the evidence is legally insufficient to support his convictions.[2] We affirm as modified.

## I.   BACKGROUND

Officer Cunningham responded to a disturbance call and made contact with the complainant, J.B.,[3] who was "excited" and crying.   As he spoke with J.B., he noticed red marks on her neck that were beginning to bruise.   According to J.B., appellant tried to strangle her during an argument.   Consequently, Officer Cunningham arrested appellant and transported him to jail.

As appellant was booked into jail, Officer Cunningham received a phone call that J.B. also had been sexually assaulted and that appellant was the suspect.   Appellant subsequently spoke with the officers regarding the alleged sexual assault, signed a written statement, and made a videotaped statement detailing his version of events.

---

[2] Appellant's two indictments were tried in the same trial.   Our analysis allows us to consider them in a consolidated opinion.

[3] We use initials in order to protect the complainant's privacy.   *Cf.* TEX. R. APP. P. 9.8.

During the course of the sexual assault investigation, J.B. was examined by Dana Oldham, a sexual assault nurse examiner. She discovered two acute tears in J.B.'s anus and numerous bruises and abrasions on her neck and torso. According to Oldham, the bruising on J.B.'s neck was consistent with a strangulation injury and the tears in her anus were consistent with a sexual assault.

J.B. testified that on the night she was assaulted, she and appellant had dinner with friends and afterwards went to a bar for drinks. While J.B. and appellant were at the bar, appellant became angry because of J.B.'s perceived "flirting" with another man. Appellant left the bar with J.B. and drove to J.B.'s apartment. J.B. went to bed while appellant ate in the kitchen. J.B. was in bed wearing her clothes from that evening when appellant entered her bedroom. He ripped off her sweater and undershirt, scattering the buttons from each article of clothing and pulled off her jeans. Appellant undressed and laid down next to J.B. He then began reading text messages on her cell phone.

J.B. stated that appellant, after reading a text message where J.B. described herself as "single", flew into a rage and began throwing her belongings around the bedroom. She grabbed a quilt to cover herself and went into her bathroom, locking the door behind her. Appellant broke into the bathroom, grabbed her by her feet, and dragged her to the bed. Once she was on the bed, he forcefully put his fingers into J.B.'s anus. She begged him to stop and when he finally did, J.B. retreated to the bathroom and cleaned herself with a towel.

J.B. testified that after that happened, appellant got dressed and demanded a ride home. J.B. refused and tried to retrieve her keys from appellant. During the struggle

3

over the keys, J.B. ripped appellant's shirt and slapped his phone out of his hand. Appellant pushed her onto her couch and then onto the floor. When she tried to get up, he got on top of her and began to strangle her. Eventually, appellant stopped and walked out of the apartment. J.B. locked him out and called her friend to come over. Shortly thereafter, J.B.'s friend arrived and contacted the police.

When asked about the nature of her relationship with appellant, J.B. responded that she and appellant were previously dating, but that after his visit one week prior to the alleged assault, she informed him via text message that she no longer wanted to be in a relationship with him. The following week, however, J.B. and appellant sent various text messages to each other. J.B. ultimately allowed him to come stay at her apartment again, and it was during this second rendezvous when the alleged assault occurred.

Appellant did not testify at trial; rather, the State introduced his custodial written and videotaped statement. Contrary to J.B.'s testimony, appellant claims that the marks on her neck were "hickeys" and that J.B. tried to attack him when he attempted to leave her apartment. Appellant claimed that he and J.B. engaged in consensual anal sex, but that he could not remember if it was during an encounter several weeks prior or during their most recent time together.

## II.    SUFFICIENCY OF THE EVIDENCE

### A.    Standard of Review and Applicable Law

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). "The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

The offense of assault family violence is an assault committed against a person whose relationship to or association with the defendant is described by section 71.0021(b) of the Texas Family Code, and it is a third degree felony if it is established that the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck

or by blocking the person's nose or mouth. Tex. Penal Code Ann. § 22.01 (citing Tex. Fam. Code Ann. § 71.0021(b) (West, Westlaw through Ch. 46 2015 R.S.). Dating violence means an act, other than a defensive measure to protect oneself, by an actor that is committed against a victim with whom the actor has or has had a dating relationship. Tex. Fam. Code Ann. § 71.0021(a). Dating relationship means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. Tex. Fam. Code Ann. § 71.0021(b).

A person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the anus of another person by any means, without that person's consent. Tex. Penal Code Ann. § 22.011(a).

## B. Discussion

### 1. Assault Family Violence

Appellant argues that the evidence is insufficient to show he committed the offense of assault family violence. Specifically, he complains: (1) J.B's testimony is the only evidence supporting the State's allegations ("he said—she said" scenario); (2) J.B.'s personal account included contradictory statements; (3) J.B. admitted she drank alcohol on the night of the alleged assault; and (4) J.B. injured appellant during a physical fight. Further, appellant states that in his videotaped statement, he "explained that it was [J.B.] who had assaulted him and [that he] detailed the events of the evening cooperatively and voluntarily … [and] explained that the marks on J.B.'s neck were hickeys."

Appellant's argument presumes his version of the events is correct and disregards all of the other evidence admitted at trial. In particular, J.B. testified that appellant tore

6

off her clothes, sexually assaulted her, and caused her injuries. After J.B. refused to drive him home, appellant grabbed J.B.'s keys and shoved her hard onto the sofa. As she was getting up, appellant threw her onto the floor and started choking her. J.B. testified that she could not breathe. The State also presented evidence confirming the sexual assault and showing that there were multiple bruises on J.B.'s neck and torso. Lastly, it is undisputed J.B. and appellant were in a dating relationship of a continuing romantic or intimate nature at the time of the assault.

Appellant fails to explain what portions of J.B.'s accounts are contradictory and, although J.B. admitted that she drank alcohol on the night of the alleged assault, she testified that she was not intoxicated or judgmentally impaired. The jury was responsible for determining the credibility of the witnesses and for determining who the aggressor was with respect to appellant's fight with J.B. *See Wesbrook,* 29 S.W.3d at 111. After reviewing the evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence in this record to show that appellant was guilty of assault family violence. *See Johnson,* 364 S.W.3d at 293–94.

### 2. Sexual Assault

Appellant further argues that the evidence is insufficient to show he sexually assaulted J.B. Appellant asserts that along with his previous arguments, J.B. failed to report she was sexually assaulted when the police first made contact with her. Appellant blames the injuries to J.B.'s anus on "consensual" anal sex, and asks us to believe his version of events and disregard all evidence to the contrary.

7

The jury is the sole judge of the credibility, and the jurors believed J.B.'s version of events. *See Brooks,* 323 S.W.3d at 895; *Johnson,* 364 S.W.3d at 293–94 (citations omitted). J.B. reported the sexual assault very shortly after appellant's arrest, but before he was booked into jail. Despite appellant's suggestions to the contrary, we see no significance in the short delay in J.B.'s report of a sexual assault. J.B. testified that on the night of the assault, appellant put his fingers into her anus and that she begged him to stop. Rather than stopping, appellant became more forceful in his assault to the point of causing physical injury. The State's medical evidence supports J.B.'s testimony. After reviewing the evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence in this record to show that appellant was guilty of sexual assault. *See Johnson,* 364 S.W.3d at 293–94.

### 3.    Summary

Reconciliation of conflicts in the evidence is within the jury's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (citing *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986)). The jury may choose to believe some testimony and disbelieve other testimony. *See id.* If there is ample credible testimony to support appellant's conviction, the conviction will stand. *See id.* There is sufficient evidence to support appellant's convictions for both assault family violence and sexual assault. We overrule appellant's issues. *See Villarreal*, 286 S.W.3d at 327.

### III.    MODIFICATION

We note that the trial court's judgment adjudicating appellant of committing assault family violence in appellate cause number 13–13–00328–CR recites that the statute is

section "22.011" of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.011. However, section 22.011 is the statute for sexual assault, whereas in this cause, appellant was indicted and convicted of assault family violence under section 22.01. *See id.* § 22.01. Likewise, the trial court's judgment adjudicating appellant of committing sexual assault in appellate cause number 13–13–00329–CR recites that the statute is section "22.01" of the Texas Penal Code. *See id.* § 22.01. The correct section for sexual assault is section 22.011. *See id.* § 22.011.

The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b). When an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal. *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986). Accordingly, we modify the judgments in Appellate Cause Numbers 13–13–00328–CR and 13–13–00329–CR to reflect the correct statute and affirm as modified.

## IV. CONCLUSION

We affirm the trial court's judgments as modified in Appellate Cause nos. 13–13–00328–CR and 13–13–00329–CR.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of July, 2015.

9