

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00383-CR

**AARON ANTWON BRANCH,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 15-22994**

## MEMORANDUM OPINION

Aaron Antwon Branch pled guilty, pursuant to a plea bargain, to the offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. 481.116 (West 2010). An adjudication of guilt was deferred, and Branch was placed on community supervision for 5 years. He was ordered to pay a fine, restitution, attorney's fees and court costs. He did not appeal.[1] Almost a year later, Branch pled true to the State's

---

[1] As a part of the plea bargain, Branch waived his right to appeal. Further, the trial court's certification of defendant's right to appeal indicated Branch waived his right to appeal and had no right to appeal.

motion to adjudicate, was adjudicated guilty of the offense, and was sentenced to nine years in prison. Because the issues regarding the sufficiency of the evidence to support the trial court's order to pay attorney's fees and the assessment of a jury reimbursement fee in an amount not statutorily authorized were procedurally defaulted but the parties agree to reform the judgment to delete the reference in the judgment to the terms of a non-existent plea bargain agreement, the trial court's judgment is affirmed as reformed.

**ATTORNEY'S FEES**

In his first issue, Branch asserts that the evidence was insufficient to support the trial court's decision to order Branch to pay court-appointed attorney's fees.

When an appellant has knowledge of the imposition of attorney's fees and fails to appeal from the original order of deferred adjudication, the attorney's fee issue is procedurally defaulted and cannot be revived. *Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015). As noted previously, Branch did not appeal the trial court's Order of Deferred Adjudication. Further, the record supports the conclusion that Branch had knowledge of the imposition of the attorney's fees when he was placed on deferred adjudication community supervision. The payment of attorney's fees was a term of the plea bargain agreement which Branch signed. When the trial court advised Branch that the court was deferring an adjudication of guilt and placing Branch on community supervision, the court informed Branch that Branch would have to pay attorney's fees. The amount of attorney's fees was listed on the Order of Deferred Adjudication and in

the attached bill of costs. Both of those documents were signed on the same day the Order was entered. The payment of attorney's fees was also a condition of Branch's community supervision, and Branch signed those conditions. Accordingly, because the attorney's fees were imposed initially when Branch was placed on deferred adjudication, and Branch had knowledge of the fees and did not appeal the trial court's order deferring an adjudication of guilt and placing Branch on community supervision, Branch procedurally defaulted his complaint.[2] *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

Branch's first issue is overruled.

**JURY REIMBURSEMENT FEE**

Branch contends in his second issue that the trial court erred in assessing a $6.00 jury reimbursement fee because a jury reimbursement fee is only statutorily authorized for the amount of $4.00. The State concedes error. We disagree.

We recognize that the jury reimbursement fee is limited to $4.00 and that only statutorily authorized court costs may be assessed against a criminal defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West 2006); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). But this cost was assessed as part of the order deferring

---

[2] This conclusion is not changed by Branch's additional argument that the evidence is insufficient to support the award of attorney's fees because there is nothing in the record to show the amount of attorney's fees ordered was the same amount paid by the County. Although Branch cites several cases to support his argument that there must be support in the record for the amount of fees ordered, none of those cases involve complaints of attorney's fees originally imposed on community supervision which were raised in an appeal after the defendant's community supervision had been revoked. We see no reason why the opinion and reasoning in *Riles* would not require this argument to be raised on direct appeal from the order deferring an adjudicating guilt as well.

adjudication after the original plea agreement and was not appealed. It is not a new assessment of cost. Although a challenge to costs assessed may be made for the first time on direct appeal, *see Johnson*, 423 S.W.3d at 391, an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). This prohibition includes complaints about costs. *See Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). Accordingly, the trial court's judgment including the fee as previously assessed and remaining unpaid is not an error that can be brought in this appeal of the revocation of Branch's community supervision.

Branch's second issue is overruled.

**JUDGMENT CORRECTION**

In his third issue, Branch complains that the judgment is erroneous because the judgment lists the terms of a plea bargain when there was no plea bargain. This deficiency appears to be a clerical mistake, not an error. Nevertheless, the State agrees the judgment should be reformed.

We have the authority to reform a judgment when we have the necessary data and information to do so. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we

reform the trial court's judgment as agreed by the parties to delete the terms of a plea bargain.

Branch's third issue is overruled.[3]

**CONCLUSION**

Having overruled Branch's first and second issues, and having overruled Branch's third issue but also reformed the trial court's judgment based on the agreement of the parties, we reform the trial court's judgment and affirm the judgment as reformed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as reformed
Opinion delivered and filed August 2, 2017
Do not publish
[CR25]



---

[3] As we have said before, rather than an appeal, we note that a more efficient manner of making this type of change may be a motion for modification or motion for judgment nunc pro tunc, depending on the timing of the discovery of the issues, filed in the trial court. *Kerr v. State*, No. 10-15-00113-CR, 2016 Tex. App. LEXIS 12082, at *2 n.3 (Tex. App.—Waco Nov. 9, 2016, no pet.) (not designated for publication).