

# NUMBER 13-16-00490-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FILIBERTO RAMON II A/K/A**
**FILIBERTO RAMON,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

**On appeal from the 197th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant Filiberto Ramon II a/k/a Filiberto Ramon was convicted of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West, Westlaw through 2017 1st C.S.). Because Ramon stipulated that he had previously been finally convicted of a felony other than a state jail felony, the offense was enhanced to a first-degree felony,

and the jury sentenced him to twelve years' imprisonment. *See id.* § 12.42(b) (West, Westlaw through 2017 1st C.S.). Ramon's appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.

## I. *ANDERS* BRIEF

In his brief, Ramon's counsel states that he has diligently reviewed the entire record and "has concluded that any further proceedings on behalf of the defendant would be wholly frivolous and without arguable merit." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has (1) notified Ramon that he has filed an *Anders* brief and a motion to withdraw; (2) provided Ramon with copies of both pleadings, (3) informed Ramon of his right to file a pro se response,[1]

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the

2

to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied Ramon with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. More than an adequate time has passed, and Ramon has filed neither a motion for pro se access to the record nor a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Ramon's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

---

case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

We order counsel to send a copy of the opinion and judgment to Ramon, and to advise him of his right to file a petition for discretionary review, within five days of the date of this opinion.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We note that the final judgment of conviction in this case states appellant's name as "Filiberto Ramon III A/K/A Filiberto Ramon" in the style of the case.  However, the record clearly shows that appellant's name is actually "Filiberto Ramon II A/K/A Filiberto Ramon."  Accordingly, we modify the judgment to reflect the correct name.  *See* TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (holding that when an appellate court has the necessary data and evidence before it for modification, the judgment may be modified on appeal).

The judgment of the trial court is affirmed as modified herein.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of January, 2018.

---

[2] No substitute counsel will be appointed.  Should Ramon wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.