

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00042-CR

LADARION DESHAYNE CUMMINGS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1414583D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ladarion Deshayne Cummings pleaded guilty to the offense of aggravated sexual assault of a child under fourteen and was placed on deferred-adjudication community supervision for ten years. A year later, the State filed a petition to proceed to adjudication, and Cummings pleaded true to the three alleged violations in the State's petition. The trial court accepted Cummings's

---

[1]*See* Tex. R. App. P. 47.4.

pleas of true to the three alleged violations, found that Cummings had violated the terms of his community supervision, adjudicated Cummings guilty of aggravated sexual assault of a child under fourteen, and sentenced him to twenty years' confinement.

In a single issue, Cummings argues that his pleas of true to the allegations in paragraphs 2 and 3 of the State's petition to adjudicate were involuntary because the petition failed to give adequate notice of the violations,[2] depriving him of his rights to due process and due course of law.

---

[2]Paragraphs 2 and 3 of the State's petition to proceed to adjudication are as follows:

> 2)     **SUPPLEMENTAL / AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION FOR SEXUAL OFFENDERS:** The Defendant was ordered not to go in, on, or within 1,000 feet of a premise where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.  In violation of this condition, [Cummings's electronic monitor showed that] the Defendant came within 1,000 feet of a place where children commonly gather on or about the following dates:
>
> August 9, 2017
> August 14, 2017
> August 15, 2017
> August 16, 2017
> August 17, 2017
> August 19, 2017
> August 22, 2017
> August 23, 2017
> August 24, 2017
> August 28, 2017
> August 29, 2017
> September 6, 2017

A review of the record shows that Cummings did not file a motion to quash the State's petition,[3] did not object, and did not otherwise bring to the trial court's attention any complaint regarding the alleged inadequate notice of the violations in paragraphs 2 and 3 of the State's petition, nor did Cummings alert the trial court to his due-process and due-course-of-law complaints.

Constitutional errors may be forfeited by the failure to object at trial. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Because Cummings did not raise his due-process and due-course-of-law complaints in the trial court, he has failed to preserve them for review. *See id.* at 340; *Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1981) (op. on State's second motion for reh'g) (holding appellant forfeited his due-process complaint by failing to assert due-process objection and affirming revocation of community supervision); *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same).

Additionally, Cummings concedes that paragraph 1 of the State's petition "does fairly allege a violation (traveling out of the county without permission), but

---

3) **SUPPLEMENTAL / AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION: Electronic Monitoring:** The Defendant was ordered to participate and successfully complete GPS. In violation of this condition, the Defendant failed to comply with the GPS monitor on or about September 7, 2017, September 8, 2017, September 9, 2017, September 10, 2017[,] and September 12, 2017.

[3]Cummings concedes in his brief that he did not file a motion to quash.

contends that, without context, such a violation may not justify an adjudication of guilt." Cummings's plea of true to paragraph 1, however, is sufficient to justify an adjudication of his guilt. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. stricken) (holding that unchallenged violation to which appellant pleaded "true" was sufficient to support trial court's revocation).

Accordingly, we overrule Cummings's sole issue.[4]  But having determined that the judgment contains error, we modify the trial court's judgment to delete the $1,000 fine, and we similarly modify the incorporated order to withdraw funds to reduce the authorized withdrawal amount by $1,000, leaving a total of $5,734.[5]

---

[4]Cummings does not raise an argument directed to the inclusion of the $1,000 fine in the judgment adjudicating his guilt.  We have previously held that we have the authority to reform a judgment to reflect the truth when we have the necessary information to do so and have reformed a judgment to delete an unpronounced fine.  *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Banks v. State*, 708 S.W.2d 460, 461–62 (Tex. Crim. App. 1986); *Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *2 (Tex. App.—Fort Worth July 26, 2018, no pet. h.) (mem. op., not designated for publication).  At the revocation hearing, the trial court did not orally pronounce a fine but assessed a fine in the judgment adjudicating guilt.  Although the trial court included an unsuspended fine in the order of deferred adjudication, the judgment adjudicating guilt set aside the prior deferred order, including the fine. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004).  The trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict; therefore, the judgment must be modified to delete the $1,000 fine amount and that amount must also be removed from the incorporated order to withdraw funds from Cummings's inmate trust account. *See id.*; *Demerson*, 2018 WL 3580893, at *2.

[5]This amount is the result of $5,095 in reparations and $639 in court costs.

As modified, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(b).


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, GABRIEL, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 23, 2018