# NO. 12-19-00305-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DESMOND COLQUITT,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Desmond Colquitt appeals his conviction for evading arrest with a motor vehicle. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with evading arrest with a motor vehicle.[1] He pleaded "guilty," and the matter proceeded to a bench trial on punishment.

At the punishment trial, Appellant admitted that he led a marked police unit on a chase through a heavily populated area in Lufkin, ran multiple stop signs during the chase, and ultimately crashed his vehicle into a sport utility vehicle. He claimed that he fled because he was drinking, possessed an open container of alcohol, was scared and not thinking straight, and did not want to go to jail. Appellant further admitted that he was previously convicted of two felony offenses involving controlled substances and credit card abuse.

---

[1] A third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).

Ultimately, the trial court assessed Appellant's punishment at imprisonment for eight years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he carefully and diligently studied the entire record and formed an opinion that no issues exist to support an appeal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. [2]

We have considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We find no reversible error.

## JUDGMENT ERROR

In reviewing the record, we found an error in the written judgment. An appellate court may reform a trial court's judgment when it has the necessary data and information. TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

Here, the record shows that Appellant was convicted of evading arrest or detention with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A). However, the judgment states that he was convicted of "EVADING ARREST OR DETENTION—ONE OR MORE PRIORS." *See id.* § 38.04(a), (b)(1). Having the necessary data and information, we conclude that the judgment should be modified to reflect that Appellant was convicted of evading arrest or detention with a motor vehicle. *See* TEX. R. APP. P. 43.2(b); *Banks*, 708 S.W.2d at 462.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided him with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired and no pro se brief was filed.

consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw. We ***modify*** the trial court's judgment to reflect that Appellant was convicted of evading arrest or detention with a motor vehicle. We ***affirm*** the judgment ***as modified***.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**


**NO. 12-19-00305-CR**


**DESMOND COLQUITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0807)

---

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant was convicted of evading arrest or detention with a motor vehicle; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*