

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-25-00230-CR

___

### XZAYVIER JAIME AGUIRRE, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 084486-E-CR, Honorable Timothy G. Pirtle, Presiding

___

January 7, 2026

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] In January 2024, in exchange for a guilty plea, Appellant, Xzayvier Jaime Aguirre was placed on deferred adjudication community supervision for four years for assault on a pregnant person.[2] Fifteen months later, the

___

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] TEX. PENAL CODE § 22.01(b)(8).

State moved to adjudicate guilt alleging Appellant committed a new offense, failed to complete his community service hours, and engaged in prohibited contact with the victim of the offense. At a hearing on the State's motion, Appellant pled true to the allegations without an agreement on punishment. After hearing testimony, the trial court found him guilty of the original charge and assessed a four-year sentence.

In support of his motion to withdraw, counsel certifies he has conducted a professional evaluation of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

2

to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  The State filed a response regarding attorney's fees and costs.

## ANALYSIS

By this *Anders* appeal, counsel candidly concedes there are no errors presented in the record and asserts the record is not sufficiently developed to support a claim of ineffective assistance of counsel.  However, counsel requests that attorney's fees of $700 and the $15 time payment fee be deleted.  In its response, the State agrees the assessment for attorney's fees should be deleted but asserts statutory court costs should remain regardless of Appellant's indigency.

The heading "Court Costs" in the summary portion of the judgment reflects "As Per Attached Bill of Cost."  At the bottom of the *Bill of Cost* are two notations as follows:

> Time Payment Fee – Shall be waived, if the full payment is made on or before the 31st day after the pleading date.

> Attorney fees are not collected until the court finds the defendant able to pay, pursuant to TXCCP Art. 26.05 section (g).

Relying on *Alston v. State*, 705 S.W.3d 849, 852 (Tex. App.—Amarillo 2024, no pet.), counsel requests the *Bill of Cost* be reformed to delete the time payment fee of $15 required by article 102.030 of the Code of Criminal Procedure and assessment of attorney's fees because Appellant was presumed indigent throughout the proceedings. TEX. CODE CRIM. PROC. art. 26.04(p).

**Time Payment Fee**

The Court of Criminal Appeals has held that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Notwithstanding the language at the bottom of the *Bill of Cost*, there is no assessment of a time payment fee. Thus, there is no fee for this Court to delete. Appellant does not contest the assessment of any other court costs, and the State is correct that they are statutorily mandated regardless of indigency. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (holding legislatively mandated court costs are not punitive in nature). *See also Strickland v. State*, No. 07-22-00294-CR, 2023 Tex. App. LEXIS 6101, at *9 (Tex. App.—Amarillo) (mem. op.), *rev'd on other grounds*, 707 S.W.3d 221 (Tex. Crim. App. 2024) (noting indigency status is not a bar to assessment and collection of legislatively mandated costs and fees)).

**Attorney's Fees**

The record shows Appellant was not assessed attorney's fees when he was placed on deferred adjudication in January 2024. The *Bill of Cost* generated on July 24, 2025, following his adjudication of guilt does include an assessment of $700 for attorney's fees. A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). There is nothing in the record to show the trial court found Appellant had the financial resources to pay as required by article 26.05(g) of the Code of Criminal Procedure. The remedy is to delete the assessment of attorney's fees.

4

**Special Findings or Orders**

When an appellate court has the necessary data before it for reformation, the judgment may be reformed on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The *Trial Court's Certification of Defendant's Right to Appeal* correctly reflects Appellant has the right of appeal. Page two of the judgment, however, includes a special finding as follows:

APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED.

As the finding is contrary to the certification, we delete that finding from the judgment.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The *Bill of Cost* generated on July 24, 2025, is modified to delete the assessment of $700 for attorney's fees. Furthermore, the district clerk is directed to prepare and file an amended *Bill of Cost* reflecting the modification. The district clerk is directed to provide

5

the same to this Court, Appellant, and the Institutional Division of the Texas Department of Criminal Justice.

As reformed to delete the special finding, the trial court's *Judgment Adjudicating Guilt* is in all other respects affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.